## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WHITE LAKE CADDIS, LLC

        Plaintiff,

                              Case No. 25-cv-10303

    v.                            Hon. Brandy R. McMillion

CHARTER TOWNSHIP OF
WHITE LAKE,

        Defendant.

_____/

## ORDER OF PARTIAL DISMISSAL AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 9)

Plaintiff White Lake Caddis, LLC brought this combined contractual and discriminatory zoning dispute against Defendant Charter Township of White Lake (the "Township") relating to development of the Township's municipal complex and several other parcels of land. *See generally* ECF No. 1. Before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 9. The Motion relates solely to the Seventh Cause of Action in the Complaint (Breach of Contract). *See* ECF No. 1, PageID.24. For the reasons below, the Court **DECLINES** to exercise supplemental jurisdiction over the Seventh Cause of Action (Breach of Contract) as it does not relate to the federal claims White Lake Caddis has brought before this Court. As a result, the Motion for Preliminary Injunction (ECF No. 9) is **DENIED**

**WITHOUT PREJUDICE**, and the Seventh Cause of Action (Breach of Contract) are **DISMISSED WITHOUT PREJUDICE**, both to be refiled in state court if Plaintiff so desires.

## I.

White Lake Caddis, LLC ("WLC") and non-party River Caddis Development, LLC ("River Caddis") are related entities with identical ownership structure. ECF No. 1, PageID.3. In 2020, River Caddis responded to an RFP issued by the Township to serve as the developer of a municipal complex which was to include a Township Hall, Police Department, Fire Department, and Community Center. *Id*. River Caddis was selected to be the Development Representative for the municipal project. *Id*. Consequently, River Caddis and the Township executed a Professional Services Agreement (the "Contract"). *Id*. at PageID.4. WLC alleges that the Contract contained several provisions which form the basis of this action: (i) an exclusivity provision that limited River Caddis' services to be used solely by the Township and no third-party; (ii) a non-circumvention provision that gave River Caddis exclusive right to perform its services for 3 years; and (iii) an ownership of work provision that granted River Caddis exclusive ownership over its work product done on the project. *Id*. at PageID.4-5.

Separate from the development of the municipal project, WLC purchased 65.25 acres of property (the "Subject Property") located adjacent to where the

municipal project was planned.  ECF No. 1, PageID.3, 7.  WLC alleges that the purchase of this land was in reliance on representations and at the encouragement of the Township.  *Id*. at PageID.7.  In February 2022, the Township granted WLC's request to rezone the Subject Property from agricultural to multi-family residential. *Id*. at PageID.8.  WLC later applied for a special use permit to place a three-quarter transitional living facility on the Subject Property pursuant to the multi-family residential zoning.  *Id*. at PageID.10.  The Township refused to process the permit for approval unless WLC agree that the three-quarter living facility would be subject to all ordinances and regulations applicable to adult foster care congregate facilities. *Id*.  WLC refused and this action followed.

On January 31, 2025, WLC filed the instant action seeking "to hold [the Township] accountable for its blatantly discriminatory zoning practices and flagrant disregard of its contractual obligations in furtherance of its unlawful scheme to prohibit undesirable land uses, including transitional living facilities known as three-quarter residences for individuals who are in the advance stages of recovery from addiction."  ECF No. 1 at PageID.1.  In doing so, WLC brought claims under the Fair Housing Act, 42 U.S.C. §§3601 *et seq*., the Americans with Disabilities Act, 42 U.S.C. §§ 1231 *et seq*., the Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws §§ 37.1301-1303, 27.1501-1507, the Substantive Due Process Clauses of the US Constitution and Michigan Constitution, and the Michigan

Exclusionary Zoning Statute, Mich. Comp. Laws § 125.3207.  *Id.* at PageID.1-2, 11-23.  WLC seeks declaratory relief, compensatory and exemplary damages, attorneys' fees, costs, and interest.  *Id.*

Additionally, WLC included a cause of action for Breach of Contract relating to the Contract between River Caddis and the Township ("the Seventh Cause of Action").[1]  ECF No. 1 at PageID.24-25.  In the Seventh Cause of Action, WLC alleges the Township breached the exclusivity, non-circumvention, and ownership of work product provisions in the Contract.  *Id.* at PageID.25.  WLC seeks monetary damages, an extension of the exclusivity period, and injunctive relief.  *Id.*

Subsequent to filing the Complaint, WLC also filed a Motion for a Preliminary Injunction.  ECF No. 9.  The Motion relates only to the Seventh Cause of Action (Breach of Contract).  WLC seeks to have the Court (i) require the Township to return all River Caddis work product and prohibit the Township from disclosing their work product to any third parties; (ii) prohibit the Township from violating the exclusivity provision of the Contract; and (iii) extend the duration of the exclusivity provision by the length of time the Township has violated the terms

---

[1] WLC brings this breach of contract claim on behalf of River Caddis, as River Caddis has assigned all of its claims against the Township for breach of the contract to WLC.  *See* ECF No. 4, PageID.24-25, ¶ 104.

of the Contract.  *Id*. at PageID.112.  The Motion was fully briefed.[2]  *See* ECF Nos. 12, 15.

## II.

A federal district court "has the power to dismiss or remand claims *sua sponte* for lack of subject matter jurisdiction."  *Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060-DT, 2010 WL 3905482, at *15 (E.D. Mich. Sept. 30, 2010).  "Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332."  *Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland, Mich.*, No. 14-14601, 2015 WL 4078142, at *3 (E.D. Mich. July 2, 2015).  A district court may also hear "purely state law claims . . . under the supplemental jurisdiction granted federal courts under 28 U.S.C. § 1367."  *Id.* at *3.  The district court has discretion as to exercise supplemental jurisdiction over the state law claims if they "are so related . . . that they form part of the same case or controversy" as the federal claims over which the Court has original jurisdiction.  *Id.* at *4; 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

However, the district court "need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so."  *Estate of*

---

[2] Having reviewed the briefs and because the Court is not ruling on the merits of the Motion, the Court finds that oral argument is unnecessary and will rule without a hearing.  *See* E.D. Mich. L.R. 7.1(f)(2).

*Johnson v. City of Detroit*, 2022 WL 5102019, at *5 (E.D. Mich. 2022) (citing *Gibbs*, 383 U.S. at 726). "The question of whether a court may assert supplemental jurisdiction over state claims remains open throughout the litigation." *Hussain Alfatlawy v. City of Detroit et al.*, 2024 WL 4678138, at *5 (E.D. Mich. 2024); *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021).

Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right. *Gibbs*, 383 U.S. at 726. Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Johnson*, 2022 WL 5102019, at *5. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a pendent state claim if:

(1)   the claim raises a novel or complex issue of State law,

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)   the district court has dismissed all claims over which it has original jurisdiction, or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (c).

## III.

### A.   The State Claims Substantially Predominate Over Federal Claims

"[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the

remedy sought, the state claims may be dismissed . . . ." *Gibbs*, 383 U.S. at 726–27. The district court should dismiss the state law claims if they will "cause a substantial expansion of the suit beyond that necessary and relevant to the federal claims." *Michigan Paralyzed Veterans*, 2015 WL 4078142, at *5.

Here, the breach of contract claim is completely unrelated to the discrimination claims raised in this case; so a determination of the breach of contract claim would predominate the federal claims. The Court agrees with the Township that

> [t]he legal questions and proofs relating to alleged violations of the Fair Housing Act, Americans with Disabilities Act, and Substantive Due Process under federal law relative to a transitional housing facility are completely different from questions regarding the existence, content, interpretation, and alleged breach of a contract that never contemplated a transitional housing facility, and will be evaluated solely under state contract law.

*See* ECF No. 12, PageID.353.   And while WLC also brings supplemental state claims relating to the alleged discriminatory practices, exercising jurisdiction over the breach of contract state claim unrelated to those federal/state discrimination claims would require this Court to delve into factual and legal analysis unnecessary to resolving the claims in which the Court has original jurisdiction.   Were this Court to exercise supplemental jurisdiction over the breach of contract claim, it would substantially expand the scope of the litigation, and the Court declines to do so.   *See Michigan Paralyzed Veterans*, 2015 WL 4078142, at *5.

**B.      Other Compelling Reasons for Declining Supplemental Jurisdiction**

"For the purposes of § 1367(c)(4), compelling reasons should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Johnson*, 2022 WL 5102019, at *6 (internal quotation marks and citation omitted).  "The circumstances of a particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion) inform the decision to exercise or decline supplemental jurisdiction." *Id.*

Although there may be some minor factual overlap and similar witnesses that support each claim, this Court finds they are factually distinct enough that other factors outweigh this in the Court's consideration. *See Estate of Johnson v. City of Detroit*, 2022 WL 5102019, at *6 (E.D. Mich. 2022) (declining to exercise supplemental jurisdiction even where the federal and state claims arose out of the "same factual background" because that fact was outweighed by considerations of judicial economy, convenience to the parties, and the potential of jury confusion). Moreover, the Court finds that the jury would likely get confused in trying to separate the two development projects.  And so as not to confuse the jury, the Court is willing to retain supplemental jurisdiction over only the state law claims related to the federal discrimination claims—the Third Cause of Action (Persons with

Disabilities Civil Rights Act), the Fifth Cause of Action (Violation of Substantive Due Process Rights Under the Michigan Constitution), and the Sixth Cause of Action (Violation of Michigan Exclusionary Zoning Statute).  *See* 28 U.S.C. § 1367(c)(4); *Moor v Cty. of Alameda*, 411 U.S. 693, 716 (1973); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

## IV.

Based on the foregoing reasons, the Court is declining to exercise supplemental jurisdiction over the Seventh Cause of Action (Breach of Contract). Accordingly, the Seventh Cause of Action (Breach of Contract) is **DISMISSED WITHOUT PREJUDICE**, to be refiled in the state court if so desired.  The Motion for Preliminary Injunction (ECF No. 9) is also **DENIED WITHOUT PREJUDICE**, to be reraised in the state court.  The Court will retain jurisdiction over all remaining causes of action.[3]

**IT IS SO ORDERED**.

Dated:  June 18, 2025                                    s/Brandy R. McMillion
                                                                   Hon. Brandy R. McMillion
                                                                   United States District Judge

---

[3] The Court has chosen to retain supplemental jurisdiction over the Third Cause of Action (Persons with Disabilities Civil Rights Act), the Fifth Cause of Action (Violation of Substantive Due Process Rights Under the Michigan Constitution), and the Sixth Cause of Action (Violation of Michigan Exclusionary Zoning Statute) because each of these claims are so related to the federal claims that they form part of the same case or controversy.  *See* 28 U.S.C. § 1367(a); *Gibbs*, 383 U.S. at 725.